Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Brittany L. Vannoy, State Bar No. 274603
E-Mail: bvannoy@hurrellcantrall.com
HURRELL CANTRALL LLP
700 South Flower Street, Suite 900
Los Angeles, California 90017-4121
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants JAMES PHILLIPS and OMAR CHAVEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| HOLLY RUDOLPH, | CASE NO. CV12-3220 MMM (AJWx) |
|---|---|
| Plaintiff, | **DISCOVERY MATTER** |
| v. | [Discovery Matters Assigned to Andrew J. Wistrich, Courtroom "690"] |
| COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT DEPUTY PHILLIPS #456136; COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT DEPUTY CHAVEZ #473574; and DOES 1 TO 25, Inclusive, | **PROTECTIVE ORDER FOR CONFIDENTIAL MATERIALS AND INFORMATION** |
| | [Judge Margaret M. Morrow Courtroom "780"] |
| Defendants. | Trial Date: August 27, 2013 |

Subject to the approval of this Court, the parties, plaintiff HOLLY RUDOLPH, by and through his attorney of record, Dennis M. Elber, Esq. of Stolpman, Krissman, Elber, & Silver LLP, and defendants DEPUTY JAMES PHILLIPS and DEPUTY OMAR CHAVEZ (collectively, "defendants"), by and through their attorneys of record, Thomas C. Hurrell, Esq. and Brittany L. Vannoy, Esq. of Hurrell Cantrall LLP, hereby stipulate for entry of the following Protective Order:

1. In connection with informal or formal disclosure of information or materials in this action (including, but not limited to, those specified in *Federal*

*Rules of Civil Procedure*, Rules 26(a)(1)(A)(ii) and 34(a)(1)(A) and (B)), and, in connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony, or other information derived therefrom as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public, and which contains private, personal, proprietary, or otherwise sensitive information, the disclosure of which may have the effect of causing harm to the parties or other entities or persons.

By designating a document, thing, material, testimony, or other information derived therefrom as Confidential under the terms of this Order, the party making the designation is certifying to the Court that there is a good-faith basis both in law and in fact for the designation within the meaning of *Federal Rules of Civil Procedure*, Rule 26(g).

**GOOD CAUSE STATEMENT:**

2. Good cause exists for entry of this Order. As for defendants, they expect they may be asked to produce, among other things, testimony or materials related to personnel records, internal reports, County of Los Angeles (COLA) policies, investigative documents, and other documentation regarding the subject of this action, which defendants believe in good faith constitute or embody Confidential information entitled to privileges and/or protections against discovery or disclosure by the First Amendment to the United States Constitution; the California Constitution, Article I, Section 1; California *Penal Code* sections 832.5, 832.7 and 832.8; California *Evidence Code* sections 1040 and 1043 *et. seq*; the Official Information Privilege; the right to privacy; and decisional law relating to such provisions, which matter is not generally known and which defendants would not voluntarily reveal to third parties and therefore are entitled to heightened protection from disclosure. Such information and materials are to be designated as "Confidential Material."

In addition, these materials and information may contain the names and other identifying information of law enforcement personnel on unrelated matters that preceded or post-dated the incident. Limiting disclosure of their identities to the context of this litigation as provided herein will, accordingly, further important law-enforcement objectives and interests.

3. Confidential documents shall be so designated by stamping copies of the material produced by a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document or any multi-volume material shall designate all pages of the document and all volumes of the material as Confidential, unless otherwise indicted by the producing party.

4. Testimony taken at a deposition may be designated as Confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter transcribing the deposition to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately.

5. Material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential Material shall be used solely for the purpose of litigating this action, and for no other action or purpose.

6. Confidential Material produced in this action may be disclosed or made available to the following persons (hereinafter "Qualified Persons"):

    a. Each lawyer for a party in this action, including outside and in-house lawyers and other lawyers regularly employed in their offices, and such lawyers' staff to whom it is necessary that materials be disclosed for purposes of this litigation, including paralegals, assistants, law clerks, secretaries, and document clerks;

    b. Each party, partner, officer, director, agent, or employee of a party deemed necessary by counsel to work on this action;

  c. Independent experts or consultants retained by counsel for the purpose of assisting in this litigation, including their staff to whom it is necessary that materials be disclosed for purposes of this litigation, but only to the extent necessary for such expert or consultant to perform his or her assigned tasks in connection with this litigation;

  d. Any party-affiliated witness in preparation for his or her deposition or testimony at trial or a hearing in this litigation;

  e. Mediators, arbitrators, or similar outside parties and their staff enlisted by all parties to assist in the resolution of this litigation;

  f. The Court and its personnel; and

  g. Court reporters and stenographers employed in this action.

  Prior to receiving any Confidential Material, Qualified Persons identified in Paragraphs 6b, 6c, 6d, and 6e above shall execute a nondisclosure agreement in the form of Appendix "A", attached hereto, a copy of which shall be provided to counsel for each other party within ten (10) days if expert disclosures have already been made, or concurrently with expert disclosures if such disclosures have not been made at the time the nondisclosure agreement is executed.

  7. The parties may further designate certain documents, materials, or testimony of a highly confidential, sensitive, or proprietary nature as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), which may be disclosed only to Qualified Persons identified in Paragraphs 6a, 6c, 6d, 6e, 6f, and 6g, but shall not be disclosed to Qualified Persons identified in Paragraph 6b.  If disclosure of "Attorney's Eyes Only Material" is made, all other provisions of this Stipulation shall also apply.

  8. Any party intending to file any material that constitutes or contains Confidential Material or Attorney's Eyes Only Material shall lodge such material along with an application for an order to file it under seal in compliance with

-4-

Central District Local Rule 79-5.1.

9. This Order shall not impose any restrictions on the use of or disclosure by a party of Confidential Material or Attorney's Eyes Only Material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material or Attorney's Eyes Only Material as it deems appropriate.

10. The manner or presentation and use of Confidential or Attorney's Eyes Only Information at trial will be addressed by the trial judge. The Parties reserve the right to move the Court for specific treatment of Confidential or Attorney's Eyes Only Information during Court hearings or trial.

11. This Order shall be without prejudice to the right of a party (i) to bring before the Court at any time the question of whether any particular document or material is confidential or whether its use should be restricted, provided however, that such document or material shall remain confidential and its use restricted, as provided for herein, until such time as the court has ruled on the question presented, or (ii) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document, material, or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. This Order is entered solely for the purpose of facilitating the exchange of documents, material, and information between the parties to this action without involving the Court unnecessarily in the process. Neither this Order, nor the production of any document, material, or information, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document, material, or information, or altering any existing obligation of any party or the absence thereof.

13. If a party to whom Confidential Material or Attorney's Eyes Only

1  Material has been produced is subpoenaed or ordered by another court or
2  administrative agency to produce information that is subject to this Protective Order,
3  such party shall notify promptly the party who produced the material of the pending
4  subpoena or order.  It is the producing party's responsibility to take whatever action
5  it deems appropriate to challenge the subpoena or order in the issuing court or
6  agency.  The party subject to the subpoena or order shall not produce any
7  Confidential Materials or Attorney's Eyes Only Materials in advance of the date
8  required by the subpoena or order.  Nothing herein shall be construed as relieving
9  any party from its obligations pursuant to any validly issued subpoena or order.

10         14.    Within sixty (60) days after the conclusion of this action, including any
11  appeals, a party to whom Confidential Material or Attorney's Eyes Only Material
12  has been produced shall return all such material, including copies thereof, to the
13  producing party.

14         15.    This Order shall survive the conclusion of this action, including any
15  appeals, to the extent that information comprising or contained in Confidential
16  Material or Attorney's Eyes Only Material does not become public.  The Court shall
17  retain jurisdiction to resolve any dispute concerning compliance with the terms and
18  conditions of this Order, including any alleged violation thereof.

19         **APPROVED AND SO ORDERED:**

20
21  DATED: April 16, 2013                /s/ Andrew J. Wistrich
                                         HON. ANDREW J. WISTRICH
22                                       United States Magistrate Judge

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

# APPENDIX "A"

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, have read and understand the Stipulation for Protective Order and Protective Order of the United States District Court, Central District of California, entered on the _____ day of _____, in the case of *Holly Rudolph v. County of Los Angeles Sheriff's Department Deputy James Phillips, et al.*, Case No. CV 12-3220-MMM (AJWx). A copy of the Stipulation for Protective Order and Protective Order has been delivered to me with my copy of this Acknowledgement and Agreement to Be Bound (hereinafter "Confidentiality Agreement"). I agree to be bound by all the terms of this Confidentiality Agreement.

I further agree to be bound by all the terms of the Stipulation for Protective Order and Protective Order and hereby agree not to use or disclose the Confidential Material (as defined by that Order) disclosed to me, except for purposes of this litigation as required by the Stipulation for Protective Order and Protective Order. I further agree and attest to my understanding that a breach of this Confidentiality Agreement may be directly actionable, at law and equity, and may constitute a violation of the Stipulation for Protective Order and Protective Order, and I further agree that in the event I fail to abide by the terms of the Stipulation for Protective Order and Protective Order, or if I disclose or make use of any Confidential information acquired during this litigation, I may be subject to civil sanctions, including sanctions by way of contempt of court, imposed by the Court for such failure. I further agree to submit to the jurisdiction of the United States District Court, Central District of California and the Los Angeles Superior Court for the

/ / /
/ / /
/ / /
/ / /

1  purpose of enforcing the terms of this Confidentiality Agreement and Protective
2  Order, even if such enforcement proceedings occur after termination of this action.

4  Dated:_____        _____
5                              Signature

7                              _____
8                              Name (Printed)

10                             _____
11                             Street Address

13                             _____
                               City            State            Zip

15                             _____
16                             Occupation or Business

18                             _____
19                             Role in Case No. CV 12-3220-MMM (AJWx)

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

-8-

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 700 South Flower Street, Suite 900, Los Angeles, California 90017-4121.

On April 15, 2013, I served true copies of the following document(s) described as **[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL MATERIALS AND INFORMATION** on the interested parties in this action as follows:

Dennis M. Elber, Esq.                 *Attorneys for Plaintiff*
Jarod A. Krissman, Esq.
STOLPMAN, KRISSMAN, ELBER & SILVER LLP
111 West Ocean Blvd., Suite 1900
Long Beach, CA 90802
Telephone: (562) 435-8300
Facsimile: (562) 4354-8304
elber@skes-law.com
jarod@skes-law.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address ysandoval@hurrellcantrall.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 15, 2013, at Los Angeles, California.

Yvonne Sandoval